IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LINTON J. GRIFFIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-411-ALM-KPJ |
| | § | |
| INOGEN, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant Inogen, Inc.'s ("Defendant") Motion to Dismiss under Rule 12(b)(4) and (5) and Brief in Support (the "Motion") (Dkt. 5), wherein Defendant seeks to dismiss Plaintiff Linton J. Griffin's ("Plaintiff") claims under Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure. *See* Dkt. 5 at 1. Plaintiff filed a response (Dkt. 8), and Defendant filed a reply (Dkt. 9). For the following reasons, the Court recommends the Motion (Dkt. 5) be **GRANTED IN PART** and **DENIED IN PART**.

I.     BACKGROUND

On May 8, 2023, Plaintiff, proceeding *pro se*, filed a complaint (the "Complaint") (Dkt. 1) against Defendant, identified as "Inogen."[1] Dkt. 1. In the Complaint (Dkt. 1), Plaintiff alleges retaliation and discrimination claims under Title VII of the Civil Rights Act of 1964. *Id.* at 3. In support of these claims, Plaintiff alleges Gary Wilson, Plaintiff's supervisor, called him racial slurs, such as the "N-Word," and discussed sexual matters against his wishes. *See id.* Plaintiff alleges he requested a transfer with Defendant's Human Resources department but was denied and received negative evaluations after he complained to Human Resources. *See id.* Plaintiff further

---

[1] Both the Complaint (Dkt. 1) and summons (Dkt. 3) identify Defendant as "Inogen." *See* Dkts. 1 at 1; 3 at 1. Defendant contends that its correct legal name is "Inogen, Inc." Dkt. 5 at 1.

1

alleges that, after filing a complaint with the Equal Employment Opportunity Commission (the "EEOC"), he was subjected to increased work scrutiny, verbally abused by a supervisor, and denied access to mandatory training received by co-workers. *See id.*

On June 2, 2023, summon was issued as to "Inogen," which Plaintiff returned executed on June 26, 2023. *See* Dkts. 3–4. On July 5, 2023, Defendant filed the Motion (Dkt. 5), arguing Plaintiff's case should be dismissed under Rules 12(b)(4) and 12(b)(5) due to Plaintiff's failure to comply with Rule 4 of the Federal Rules of Civil Procedure. *See generally* Dkt. 5. Specifically, Defendant argues this action should be dismissed under Rule 12(b)(5), as Plaintiff mailed the summons to "Inogen" rather than to Defendant's registered agent or someone authorized to accept service on Defendant's behalf. *See id.* at 5. Defendant further argues service was improper because Plaintiff mailed the summons himself. *See id.* at 6. Defendant additionally contends the Court should dismiss this action under Rule 12(b)(5) because the summons incorrectly named Defendant as "Inogen" rather than "Inogen, Inc." *Id.* at 9. Finally, Defendant argues summons was defective because it did not contain the name and address of Defendant's registered agent or any other person authorized to accept service on behalf of Defendant. *See id.* In support of the Motion (Dkt. 5), Defendant includes a declaration of Erika Ivie, a Senior Human Resources Business Partner of Inogen, Dkt. 5-1 at 1–2, a copy of the summons and complaint, *id.* at 3–7, and Plaintiff's proof of service, Dkt. 5-2.

On July 31, 2023, the Court ordered Plaintiff to file a response to the Motion (Dkt. 5), if any, advising Plaintiff that "[a] party's failure to oppose a motion in the manner prescribed . . . creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." Dkt. 7 at 1 (quoting Loc. R. CV-7(d)) (internal quotation marks omitted). On August 7, 2023, Plaintiff filed a response asserting he performed service upon Defendant in compliance with Rule 106 of the Texas Rules of Civil Procedure. *See*

Dkt. 8 at 1. On August 14, 2023, Defendant filed a reply (Dkt. 9) arguing as follows: Plaintiff did not perform service as required under Rule 106 of the Texas Rules of Civil Procedure as he did not serve the president, vice president, or registered agent of Defendant; Plaintiff fails to refute that he himself mailed the summons and complaint to Defendant; Defendant's receipt of the summons and complaint does not excuse proper service; and the summons was defective due to the failure to contain Defendant's correct name, "Inogen, Inc." and does not contain the name and address of Defendant's registered agent or any other person authorized to accept service on behalf of Defendant. *See* Dkt. 9 at 2–7.

## II.    LEGAL STANDARD

The plaintiff bears the burden of proof regarding the sufficiency of service of process. *See* FED. R. CIV. P. 4(c); *see also Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 744 (N.D. Tex. 2013) (citing *Lechner v. Citimortgage, Inc.*, No. 09-cv-302, 2009 WL 2356142, at *1 (N.D. Tex. July 29, 2009)). "When process is insufficient, 'federal courts have broad discretion to dismiss an action.'" *Coleman*, 969 F. Supp. 2d at 744 (quoting *Chapman v. Trans Union LLC*, No. H-11-553, 2011 WL 2078641, at *1 (S.D. Tex. May 26, 2011)); *see also Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) ("A district court, however, has broad discretion to dismiss an action for ineffective service of process . . . ." (citing *George v. U.S. Dep't of Lab.*, 788 F.2d 1115, 1116 (5th Cir. 1986))).

"When a district court finds insufficient process or insufficient service, it may either dismiss the suit for failure to effect service or quash the service, giving the plaintiff an opportunity to reserve the defendant." *Currington v. XTO Energy, Inc.*, No. 12-cv-589, 2013 WL 12155258, at *1 (E.D. Tex. July 2, 2013) (collecting cases). Additionally, "defects in the summonses are not fatal if they do not prejudice the defendant." *Coleman*, 969 F. Supp. 2d at 744 (collecting cases).

For service to be effective, the plaintiff must comply with the requirements of Federal Rule of Civil Procedure 4. *See* FED. R. CIV. P. 4. Federal Rule of Civil Procedure 4(b) provides that, on or after filing the complaint, "the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." FED. R. CIV. P. 4(b). Furthermore, Rule 4(m) requires service within ninety (90) days of the filing of the lawsuit, although the time for service may be extended upon a showing of good cause. *See* FED. R. CIV. P. 4(m); *see also Tate v. Dall. Indep. Sch. Dist.*, No. 21-cv-895, 2022 WL 272711, at *2 (N.D. Tex. Jan. 10, 2022), *R. & R. adopted*, 2022 WL 270859 (N.D. Tex. Jan. 28, 2022).

Rule 12(b)(4) allows the defendant to move for dismissal based on insufficient process. *See* FED. R. CIV. P. 12(b)(4). "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service." 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2004); *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 n.3 (5th Cir. 2008). Thus, "a motion to dismiss under Rule 12(b)(4) is fairly rare" and is "proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." *Velasquez v. Singh*, No. 16-cv-63, 2017 WL 10181040, at *1 (W.D. Tex. Sept. 25, 2017) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. Supp. 2010)). Further, Rule 12(b)(5) permits a party to challenge the method of service attempted by the plaintiff or the lack of delivery of the summons and complaint. *See* FED. R. CIV. P. 12(b)(5); *see also Gartin*, 289 F. App'x at 692 n.3.

### III. ANALYSIS

Defendant is correct that service was improper. Rule 4(h) of the Federal Rules of Civil Procedure provides that service on a corporation may be effectuated within the United States either:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

FED. R. CIV. P. 4(h)(1). Pursuant to Erika Ivie's declaration, the summons was received by Stacey Thompson, an administrative employee for Defendant, who signed for the delivery. Dkt. 5-1 at 1. Additionally, Plaintiff addressed the summons to Defendant's facility in Plano, Texas—not to Defendant's registered agent, president, or vice president. *See id.*; *Styles v. McDonalds Rest.*, No. 17-cv-791, 2019 WL 2266636, at *4 (E.D. Tex. Jan. 28, 2019) ("[E]ven though proceeding *pro se*, it is [the plaintiff's] responsibility to find and to provide [the defendant's] agent for service and correct address for preparing summons, so that service of [the plaintiff's] complaint and summons may issue; it is not the clerk's office responsibility to research and supply this information." (collecting cases)), *R. & R. adopted*, 2019 WL 1219117 (E.D. Tex. Mar. 15, 2019).

As Defendant argues, Texas law specifies that service of process must be served on the president, vice president, or registered agent. *See* Tex. Bus. Orgs. Code §§ 5.201(a)–(b), 5.255. And Plaintiff cannot mail the summons himself, as he is a party to this litigation. *See* FED. R. CIV. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint."); Tex. R. Civ. P. 103 ("But no person who is a party to or interested in the outcome of a suit may serve process in that suit . . . ."); *Perry v. Texas*, No. 21-cv-838, 2022 WL 4479243, at *8 (E.D. Tex. Aug. 9, 2022) ("[N]either Rule 4 nor the Texas Rules of Civil Procedure permit a party to serve process, even if service is effected by mail." (citations omitted)), *R. & R. adopted*,

2022 WL 4474141 (E.D. Tex. Sept. 26, 2022). Accordingly, service upon Defendant was improper.

Furthermore, the summons was defective. Plaintiff has not named Defendant correctly as "Inogen, Inc."—an error easily corrected now that Plaintiff is aware of this mistake—and the summons does not contain the name and address of Defendant's registered agent or any other person authorized to accept service. *See Coleman*, 969 F. Supp. 2d at 744 ("[The plaintiff's] failure to properly name [the defendants] on the summons and to ensure that a separate summons was issued for each defendant resulted in insufficient process." (citations omitted)).

While service was improper and the summons was defective, Defendant does not argue or indicate in any way that it has been prejudiced by the improper service or defective summons. No dispositive motions affecting Defendant have been filed or heard in the case, nor has the Court entered a default judgment against Defendant. *See Velasquez*, 2017 WL 10181040, at *2 ("Meanwhile, no dispositive motions affecting the Defendant have been filed or heard in this case. The only threat of adverse action, the Court's order requiring Defendant to respond or face default, was received and timely responded to by Defendant with the present Motion . . . ."). Furthermore, federal courts have consistently held that, as an alternative to dismissal without prejudice, it is within the court's discretion to quash an attempt at service and provide additional time to effect proper service. *See, e.g.*, *Hicks v. Dall. Cnty. Cmty. Colls.*, No. 17-cv-809, 2017 WL 6628454, at *3 (N.D. Tex. Sept. 18, 2017) (collecting cases), *R. & R. adopted*, 2017 WL 6621574 (N.D. Tex. Dec. 28, 2017). Plaintiff, proceeding *pro se*, erred by not including Defendant's full name as "Inogen, Inc.,"[2] addressing the summons to Defendant generally rather than a registered agent,

---

[2] While emphasizing that Defendant served "Inogen" not "Inogen, Inc." in the summons, Defendant refers to itself with the name "Inogen" as an abbreviated form of its name. *See* Dkt. 9 at 1. Thus, Defendant makes clear that its arguments are predicated on *technicalities*, *not substance*. *See Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1014 (5th Cir. 1990) ("[A]ctual notice and [the plaintiff's] efforts, coupled with his pro se status, arguably provide grounds for leniency . . . .").

6

sending the summons himself as one of the parties to the litigation, and sending the summons to one of Defendant's business locations. But Plaintiff made a good faith effort to serve Defendant and, therefore, dismissal pursuant to Rules 12(b)(4) and 12(b)(5) is not appropriate. *See Grant-Brooks v. Nationscredit Home Equity Servs. Corp.*, No. 01-cv-2327, 2002 WL 424566, at *4 (N.D. Tex. Mar. 15, 2002) ("Indeed, dismissal is not appropriate unless 'there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant.'" (quoting *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir. 1959))).

Accordingly, the Court finds the Motion (Dkt. 5) should be granted insofar as Plaintiff's attempted service is quashed; however, the Motion (Dkt. 5) should be denied in all other respects. Additionally, Plaintiff should be given the opportunity to attempt service in compliance with Rule 4 of the Federal Rules of Civil Procedure.

## IV.     RECOMMENDATION

For the foregoing reasons, the Court recommends the Motion (Dkt. 5) be **GRANTED IN PART** and **DENIED IN PART**. The Motion (Dkt. 5) should be **GRANTED** to the extent it seeks to quash Plaintiff's previous attempt at service and **DENIED** to the extent it seeks dismissal under Rules 12(b)(4) and 12(b)(5). The Court further recommends Plaintiff be given thirty (30) days following the receipt of the Memorandum Adopting the Report and Recommendation, if any, to attempt to serve the summons and complaint upon Defendant in compliance with Rule 4 of the Federal Rules of Civil Procedure.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a de novo review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written

objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 29 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 23rd day of October, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE